IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

TERRENCE POUNCEY              *

    Plaintiff,                *

       v.                    *        1:11-CV-30-TMH
                                                    (WO)

DOTHAN CITY JAIL, *et al*.,     *

    Defendants.               *

_____

**ORDER ON MOTION**

Before the court is Plaintiff's motion to amend to name the City of Dothan as a defendant to the instant cause of action. Plaintiff maintains that the Dothan City Jail is owned and operated by the City of Dothan.[1] Upon consideration of the motion to amend, the court concludes that the motion shall be denied.

Although the Supreme Court has held that counties (and other local government entities) are "persons" within the scope of § 1983, and subject to liability, Plaintiff cannot rely upon the theory of *respondeat superior* to hold the City of Dothan liable. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti,* 475 U.S. 469,

---

[1] In the Recommendation of the Magistrate Judge entered January 19, 2011, the court has recommended dismissal of the Dothan City Jail as a defendant. (*See Doc. No. 5*.)

479 (1986). "It is only when the 'execution of the government" policy or custom ... inflects the injury' that the municipality may be held liable." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). A city does not incur § 1983 liability for injuries caused solely by its employees. *Monell,* 436 U.S. at 694. Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation. *Bd. of County Com'rs v. Brown,* 520 U.S. 397, 403 (1997).

Because Plaintiff's motion to amend to name the City of Dothan as a defendant fails to articulate a theory under *Monell* under which the City of Dothan may be held liable, there's no legal basis on which Plaintiff's claims against this Defendant may proceed.

In light of the foregoing, it is

ORDERED that Plaintiff's motion to amend to name the City of Dothan as a defendant to the complaint (*Doc. No. 7*) be and is hereby DENIED.

Done, this 31st day of January 2011.

        /s/ Wallace Capel, Jr.
        WALLACE CAPEL, JR.
        UNITED STATES MAGISTRATE JUDGE