IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRENCE POUNCEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CIVIL ACTION NO.: 1:11-CV-30-TMH | |
| | ) [WO] | |
| MAMIE MCCORY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Dothan City Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 action challenging the provision of medical care and the conditions of his confinement during his incarceration at the Dothan City Jail from June 6, 2010 to December 10, 2010.  In an amendment to his complaint, filed August 23, 2011, Plaintiff complained about a denial of adequate dental care.[1]  Plaintiff names as Jail Administrator Mamie McCory as the defendant.  Plaintiff requests damages and an injunctive relief.

Defendant filed an answer, special reports, a supplemental special report, and supporting evidentiary materials addressing Plaintiff' claims for relief.  In these documents, Defendant asserts Plaintiff failed to exhaust an administrative remedy available to him at the Dothan City Jail.  Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat Defendant's reports as a motion for summary judgment

---

[1] Although Plaintiff is currently incarcerated at the Dothan City Jail, during the pendency of this action he was released from and subsequently re-incarcerated at the facility on several occasions.

(*Doc. No. 21*).  *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (Although an exhaustion defense "is not ordinarily the proper subject for a summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies "are absolutely time barred or otherwise clearly infeasible.").  This case is now pending on Defendant's motion for summary judgment.  Upon consideration of this motion, the evidentiary materials filed in support thereof, and Plaintiff's responses, the court concludes that Defendant's motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed. R. Civ. P. 56(c)(Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2]  The party moving for summary judgment "always bears the

---

[2] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended . . . to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes . . . are stylistic only."  Fed. R. Civ. P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

Defendant has met her evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust administrative remedies. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive Defendant's properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the

evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-50. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations . . . ."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . ."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814

F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court, which is admissible on its face or which can be reduced to admissible form, indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (summary judgment

appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529-30, 126 S.Ct. 2572, 2576, 165 L.Ed.2d 697 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

Plaintiff's complaint asserts a challenge to the provision of medical care and the conditions of his confinement during his incarceration at the Dothan City Jail from June 6, 2010 to December 10, 2010. In an amendment to the complaint, Plaintiff asserts a challenge to the adequacy of dental care he received at the facility in August 2011. In her dispositive motion, Defendant denies Plaintiff's allegations of constitutional violations. Defendant

further asserts that this case is due to be dismissed because Plaintiff failed to exhaust the administrative remedy provided by the Dothan City Jail prior to filing this complaint as required by directives of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (*See Doc. Nos. 15, 32, 47.*)

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a

precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93.  The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  *Id*. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case reflects that the Dothan City Jail provides a grievance procedure for inmate complaints.  (*Doc. No. 15, Exhs. D, U; Doc. No. 32, Exhs. 1, 7; Doc. No. 47, Exhs. A-I.*)  This administrative remedy is available to all Dothan City Jail inmates, including Plaintiff during his confinement at the jail during the relevant time periods.  (*Id.*)  Defendant's evidence reflects that Plaintiff filed two grievances in July 2010, which concerned medical issues, and, in August and September 2011, he filed several grievances, which concerned dental issues. (*Doc. No. 47, Exhs. A, D, E, G, H, I.*)  Defendant maintains,

however, that Plaintiff did not appeal any of the responses he received to his grievances. (*Id.
at Exh. A*.)  Plaintiff does not deny that he was required to exhaust administrative remedies
provided by the city jail and his allegation that no one in the jail received a rule book
outlining or informing them of any process is unsworn and, therefore, insufficient. (*Doc.
No.36; see also Doc. Nos. 20, 27*); *see* Fed. R. Civ. P. 56(c)(1); *Doc. No. 20*; *Adickes v. S.H.
Kress & Co.,* 398 U.S. 144, 158 n. 17 (1970) ( "This statement, being unsworn, does not meet
the requirements of [former] Fed. Rule Civ. Proc. 56(e)").

Plaintiff has not successfully rebutted Defendant's showing that: (1) at the relevant
time periods of Plaintiff's confinement at the Dothan City Jail, there was an administrative
grievance procedure available for handling requests and grievances from inmates; (2)
Plaintiff's claims regarding the matters about which he complains in this action were within
the scope of issues and concerns which could have been presented through the grievance
procedure; and (3) Plaintiff either did not utilize the county jail's grievance procedure
relative to his claims or failed to fully exhaust the grievance process with regard to his claims
before bringing this action.  Defendant has supported her affirmative defense with copies of
the grievances filed by Plaintiff along with proof that, upon his admissions to the jail in June
2010 and again in May 2011, he received information about the availability of, among other
things, the jail's grievance process, via his receipt of the facility's handbook regarding its
rules and procedures applicable to inmates housed in the jail.  Specifically, when Plaintiff
was processed into the jail in June 2010 and again in May 2011 he acknowledged in writing

on his inmate screening form that he received various supplies, including a copy of the inmate rule book. (*See Doc. No. 47, Exhs. A, B, F.*)  The inmate rule book describes the rules and procedures an inmate is to follow while incarcerated at the jail,  including the procedures for filing grievances. (*Id. at Exh. C.*) According to the rules and regulations governing the jail's inmate grievance process, an inmate may report a grievance on an inmate request form. (*Id.*) Grievances are investigated and answered within seventy-two hours from the time the grievance is received, excluding weekends and holidays, by staff at the lowest level in the chain of command.  (*Id*.)  An inmate not satisfied with the initial answer to his or her grievance may appeal that response up the chain of command where the final decision is made by the Chief of Police. (*Id*.)

Here, Plaintiff  provides nothing to refute or explain Defendant's evidence showing he received a copy of the inmate rule book governing the rules and policies at the Dothan City Jail, which contained information regarding the inmate grievance policy and procedures or that he was in any way prevented from obtaining access to the jail's grievance process. It is clear that Plaintiff knew he could file grievances while incarcerated at the jail and he did so by filing grievances about various medical and dental issues to which jail personnel responded.  His conclusory, self-serving, and unsworn  allegation that jail officials impeded his ability to exhaust administrative remedies is insufficient.  *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (The affidavits of a party opposing summary judgment must "set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are

not sufficient").

Congress has made it a precondition to filing that an inmate in Plaintiff's position must exhaust available administrative remedies prior to filing a civil suit in this court. The undersigned finds there is no dispute of material fact Plaintiff failed to do so in relation to the claims he asserts in this action. *See Bock*, 549 U.S. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). The consequence of this circumstance, in light of 42 U.S.C. § 1997e(a), is that this action should not have been brought and must now be dismissed without reaching the merits of Plaintiff's claims as Plaintiff failed to properly exhaust administrative remedies available to him which, as noted, is a precondition to proceeding in this court on his claims. *Woodford*, 548 U.S. at 87-94; *see Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies.").

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendant's motion for summary judgment (*Doc. Nos. 15, 32, 47*) be GRANTED

to the extent Defendant seeks dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Dothan City Jail with regard to the allegations presented in the complaint and amendment thereto;

2.  This case be DISMISSED with prejudice under 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an available administrative remedy prior to filing suit; and

3.  No costs be taxed herein.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before September 6, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en

banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981).

Done this 23rd day of August, 2013.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE